The opinion below is hereby signed. Dated: January 3, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
K. LOUNGE LLC,                     )   Case No. 05-01041
                                   )   (Chapter 7)
            Debtor.                )

OPINION REGARDING APPLICATION TO EMPLOY SPECIAL COUNSEL

The court will deny the application filed by the debtor as a debtor-in-possession to employ Izal Saddler as special counsel.

I

On July 12, 2005, the debtor, K. Lounge LLC, filed a voluntary petition commencing this case as a case under chapter 11 of the Bankruptcy Code (11 U.S.C.). On November 14, 2005, the debtor, as a debtor-in-possession exercising the powers of a trustee, filed an application to employ Izal Saddler as special counsel. The debtor's application represented that:

> 10. Mr. Saddler will be employed on a general retainer, with billed fees ranging from $180-$300.00 per hour depending upon the nature of the tasks, which vary from office time to in court litigation proceedings. Costs are separately billed. Although Mr. Saddler is listed as a creditor holding an unsecured claim, he has agreed to waive his claim and payment thereon in order to participate in the L&T cases as

>    special counsel, without an adverse interest.
>        11. Mr. Saddler understands that no post-petition
>    fees or costs may be paid to him or his firm from
>    property of the estate without prior approval or and
>    Order of the Bankruptcy Court.

Saddler's accompanying affidavit disclosed no receipt of compensation. He failed to file by the deadline set by F.R. Bankr. P. 2016(b) (and even at this late date he has failed to file) the statement required by 11 U.S.C. § 329(a) of "the compensation paid or agreed to be paid . . . for services rendered or to be rendered in . . . connection with the case by such attorney, and the source of such compensation."

On November 15, 2005 (one day after the debtor filed the application to employ Saddler), the court held a hearing on the United States Trustee's motion to convert the case to chapter 7, and signed an order granting that motion. On November 16, 2005, the clerk entered the order that was signed on November 15, 2005, converting the case to a case under chapter 7.

The United States Trustee has objected to the application to employ Saddler on three grounds:

>    (1) according to statements of the debtor's counsel,
>    John Burns, at the hearing on the motion to convert, Saddler
>    received payments of fees that have not been disclosed and
>    that were not authorized by court order;
>    
>    (2) the application was filed well after the
>    commencement of the case; and

2

(3) the case is no longer pending in chapter 11. The debtor has replied that Burns made no statement that Saddler had been paid any fees (asserting that there was confusion as to whether the debtor's monthly operating reports--which are supposed to be on a cash basis--included items that the debtor's accountant had included on an accrual versus a cash basis). The debtor urges that the United States Trustee could have sought to examine the debtor's accountant to determine whether there were in fact postpetition payments to Saddler. In any event, argues the debtor, any such payments could have been payments of a retainer, which is not proscribed by the Bankruptcy Code, and the application disclosed that Saddler was being employed on the basis of a general retainer. Finally, the debtor urges that Saddler's employment by the debtor as debtor-in-possession during the period this case was in chapter 11 should be approved notwithstanding the conversion of the case to chapter 7.

                                II

Saddler has filed no Rule 2016(b) statement. This has left the court in the dark regarding what payments Saddler has received in the case, and thus has deprived the court of information that would be necessary before permitting Saddler to be employed. The court rejects the debtor's implicit contention that the burden was on the United States Trustee to examine the debtor's accountant to determine what payments were made to

Saddler.  The court further rejects the debtor's disingenuous contention that the application adequately disclosed that a postpetition retainer was being paid to Saddler (if one was indeed paid, a fact the debtor declines to admit even though it ought to be in a position to verify that fact).  Representation "on a general retainer" does not disclose that a cash retainer has been paid, and generally is understood to mean that the attorney is being generally retained in the case with no special arrangement for payment of compensation.  In any event, a disclosure of a "general retainer" would not constitute adequate disclosure of the amount of any cash retainer paid.  If there was a retainer paid, the application to employ is deficient under F.R. Bankr. P. 2014(a).  Moreover, § 329(a) and Rule 2016(b) require the attorney, not the debtor, to make the disclosures required by those provisions independent of Rule 2014(a).

Although payment of an amount intended to be used as only a postpetition retainer (with payment from the retainer to require later court order) is not necessarily proscribed, such a payment ought to be timely disclosed under § 329(a) and Rule 2016(b) and should be held as the debtor's property until authority to hold it as a retainer has been approved by the court incident to an order approving the employment of counsel.[1]  If the employment is

---

[1] Even if Saddler had filed a Rule 2016(b) statement when the application to employ was filed, a delay in applying for employment of counsel until a series of postpetition retainer

not approved, there is no basis for retention of the retainer.

Failure to make the required disclosures under § 329(a) and Rule 2016(b) justifies denying the application to employ Saddler. "Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees." Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.), 63 F.3d 877, 882 (9th Cir. 1995), cert. denied, 516 U.S. 1049 (1996).[2]  The failure to make the required disclosures is also a ground for disqualifying the attorney from employment and to order a disgorgement of fees.  Law Offices of Nicholas A. Franke v. Tiffany (In re Lewis), 113 F.3d 1040, 1045

---

payments had been completed would have weighed against authorizing employment of counsel.  When the debtor applies to employ counsel, parties in interest may object to the terms of employment including a provision for payment of a retainer after the employment has commenced.

[2]  See also Henderson v. Kisseberth (In re Kisseberth), 273 F.3d 714 (6th Cir. 2001), opinion clarified on point of no relevance here by 24 Fed. Appx. 539, 2002 WL 59617 (6th Cir. 2002) (unpublished opinion); In re Downs, 103 F.3d 472, 479 (6th Cir. 1996) ("[T]he bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016.  The authority to do so is inherent, and in the face of such infractions should be wielded forcefully."); Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.), 4 F.3d 1556, 1565 (10th Cir. 1993) ("an attorney who fails to comply with the requirements of § 329 forfeits any right to receive compensation for services rendered on behalf of the debtor" (citations omitted)), cert. denied, 510 U.S. 1114 (1994); Jensen v. United States Trustee (In re Smitty's Truck Stop, Inc.), 210 B.R. 844, 849 (B.A.P. 10th Cir. 1997) ("even a negligent or inadvertent failure to disclose the retainer is sufficient to deny fees"); Hale v. United States Trustee (In re Basham), 208 B.R. 926, 931 (B.A.P. 9th Cir. 1997).

5

(9th Cir. 1997); Arens v. Boughton (In re Prudhomme), 43 F.3d 1000, 1003-04 (5th Cir. 1995) (bankruptcy court's "broad discretion in awarding and denying fees paid in connection with bankruptcy proceedings empowers the bankruptcy court to order disgorgement as a sanction to debtors' counsel for nondisclosure"); Miller v. United States Trustee (In re Independent Engineering Co.), 197 F.3d 13 (1st Cir. 1999), aff'g 232 B.R. 529, 532 (B.A.P. 1st Cir. 1999) (failure to disclose postpetition draws on prepetition retainer justified disqualification of attorney for debtor in possession and order of disgorgement of all fees).  Based on the failure to file a statement under § 329(a) and Rule 2016(b),[3] the court will deny the debtor-in-possession's application to employ Saddler.

III

Moreover, the application to employ Saddler was filed only one day before the court signed the order converting the case to chapter 7 (and only two days before the clerk entered that order).  The chapter 7 trustee has not sought to employ Saddler.  Even if Saddler had timely filed a statement under § 329(a) and Rule 2016(b), the debtor has offered no justification for the delay in filing the application that would warrant the

---

[3] Even at this late date Saddler has not filed a motion for leave to file a statement under § 329(a) and Rule 2016(b) out of time, and it is doubtful that his delay in so doing would be excusable under Rule 9006.

6

extraordinary relief of making any employment order retroactive to a date significantly preceding the filing of the employment application.

IV

The United States Trustee has requested that Saddler be ordered to disgorge any retainer or fees received.  At least to the extent of estate funds used to pay any retainer or fees to Saddler, there is no basis for him to retain such funds now that his employment is being denied.  The court will require him to disgorge to the chapter 7 trustee all retainers or fees received postpetition from estate funds (or pay an amount equal to such funds to the chapter 7 trustee to the extent that they cannot be traced).  The court will further require Saddler to file an affidavit disclosing:

> (1) all payments received for services rendered or to be rendered by Saddler in contemplation of or in connection with this bankruptcy case:
>
> > (a) that were received within the year preceding the filing of the bankruptcy case; or
> >
> > (b) that were received after the filing of the case;
>
> (2) the source of each such payment; and
>
> (3) any disposition of each such payment.

The court reserves for later disposition the issue of

disgorgement of any funds received that were not estate funds. The court is further authorizing the United States Trustee and the chapter 7 trustee to take Rule 2004 examinations of Saddler, the debtor's officers and employees, and the debtor's accountant to the extent that they desire to investigate any payments received by Saddler from the debtor (or from other sources in connection with representation of the debtor).

    An order follows.

                                [Signed and dated above.]

Copies to: Debtor's Attorney; Dennis J. Early, Assistant U.S. Trustee; chapter 7 trustee; Izal Saddler.