The decision below is hereby signed. Dated: March 27, 2006.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| K. LOUNGE LLC, | ) | Case No. 05-01041 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

### DECISION RE DISMISSING OMNIBUS OBJECTION TO CLAIMS

After this case was converted from chapter 11 to chapter 7, the debtor filed an omnibus objection to claims. The court will dismiss the omnibus objection for the following reasons.

The notice accompanying the objection did not give the affected creditors notice of a 30-day opportunity to respond, and instead gave them notice of only an 11-day opportunity to respond.

Further, the trustee is the proper party to pursue objections to claims in a chapter 7 case unless a refusal by the trustee to object and other circumstances justify granting leave to another party to object. See In re Trusted Net Media Holdings, LLC, 334 B.R. 470, 475-76 (Bankr. N.D. Ga. 2005). Here, the debtor has not filed the necessary motion. Moreover,

the debtor has not demonstrated that it has standing to object to claims even were the trustee to refuse to object to the claims.[1] See Trusted Net Media Holdings, LLC, 334 B.R. at 476 (citing numerous decisions re lack of debtor standing to object to claims in a chapter 7 case).

Finally, one of the objections to claims (the objection to the claim of the Internal Revenue Service ("IRS")) involves a claim that the debtor objected to only on the basis that it had been paid, but the debtor now concedes that the claim has not been paid. Although the debtor contends that the trustee should issue funds to the IRS that the debtor attempted to disburse to the IRS, that is not the proper subject of an objection to claim. If the debtor has standing and grounds to request the court to compel the trustee to make such a payment to the IRS, the debtor ought to pursue such relief via a motion to compel, not by way of continued litigation of the objection to claim.

An order follows.

[Signed and dated above.]

---

[1] It is evident from the debtor's own schedules that undisputed claims in the case far exceed the value of assets in the case. It is thus unlikely that the debtor has standing to object to claims: it would have standing only if the disallowance of the claims would have a direct impact on it. That the debtor has filed a notice of appeal from the court's order converting this case to chapter 7 does not confer standing: unless and until the debtor secures a reversal of that order, it is not a debtor-in-possession with standing to object to claims.

Copies to: Debtor's attorney; Daniel M. Litt, Esq.; Nancy L. Alper, Assistant Attorney General; Darrell W. Clark, Esq.; Jack E. Strausman, Esq.; Barry A. Haberman, Esq.; Office of U.S. Trustee.